IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Timothy Duerr, | ) | Civil Action No. 3:22-cv-111-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Order adopting [40] Report and** |
| v. | ) | **Recommendation** |
| | ) | |
| Richland County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2) (D.S.C.) (Report). [ECF No. 40.] In the Report, the magistrate judge recommends denying Defendant's motion for summary judgment. *Id*. at 13. For the reasons below, the court adopts the Report as a whole.

### FACTUAL AND PROCEDURAL BACKGROUND

This is an employment dispute brought by Plaintiff Timothy Duerr (Plaintiff) against his former employer, Defendant Richland County (Defendant), alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 1201, *et seq.*, and the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, et seq. He also brings a state-law claim for Worker's Compensation retaliation, S.C. Code Ann. § 41-1-80. Neither party objects to the factual recitation contained in the Report. Yet because of the fact-intensive nature of this case, an overview of the facts is provided below. The factual recitation contained in the Report is incorporated by reference. [ECF No. 40 at 1-2.]

These facts are either undisputed or viewed in the light most favorable to Plaintiff, to the extent that they find support in the record. Plaintiff was employed by Defendant as a research

analyst in Defendant's Economic Development office. [ECF Nos. 1-1 at 3, 5 at 2.] Plaintiff suffered an injury to his right arm while helping his supervisor, Jeff Ruble (Ruble), lift a heavy monitor at work in July 2019. [ECF Nos. 1-1 at 3, 5 at 2.] Plaintiff filed a Workers' Compensation claim, which was resolved in June 2020. [ECF Nos. 1-1 at 3, 5 at 3.]

Plaintiff requested a work from home accommodation on October 29, 2020, because of the COVID-19 pandemic, which was granted by Defendant's human resources department on November 4, 2020.[1] [ECF Nos. 1-1 at 3, 5 at 4.] Plaintiff was later diagnosed with COVID-19 on January 4, 2021, and he received a doctor's note for two weeks of medical leave. [ECF Nos. 1-1 at 4-5, 5 at 4.] He returned to work from home status on January 20, 2021. [ECF Nos. 1-1 at 5, 5 at 4.]

On January 27, 2021, Plaintiff participated in a Zoom meeting with Ruble and Mr. Limuel Brown, an employee of the Richland County Human Resources Department, in which Ruble informed Plaintiff his employment with Defendant was ending. [ECF Nos. 1-1 at 5, 5 at 4.] Plaintiff filed a grievance and was ultimately reinstated by Dwight Hanna, the Human Resources Director (Hanna). [ECF No. 1-1 at 5.]

Plaintiff continued to complain about Ruble failing to restore his computer access after he was reinstated. [ECF No. 40 at 2.] Plaintiff participated in a second Zoom meeting on February 17, 2021, with Ruble, Hanna, and Lori Thomas, Assistant County Administrator (Thomas). *Id*. During that meeting, Plaintiff spoke passionately about his treatment at Ruble's hands, saying that he believed Ruble was retaliating against him and setting him up for failure. *Id*. Plaintiff lodged further complaints against Ruble, criticizing Ruble's job performance, disagreeing with his

---

[1] It is undisputed that Plaintiff could perform the essential functions of his job while working from home. [ECF Nos. 1-1 at 4, 5 at 3.]

decisions, and suggesting he was impossible to please. *Id*. Plaintiff also referenced constructive discharge. *Id*.

Plaintiff was terminated by Thomas on February 25, 2021, via Zoom based on incivility towards Ruble during the previous Zoom meetings. *Id*. In her Report of Disciplinary Action, Thomas hand wrote "threat legal actions" under the summary of disciplinary action. [ECF No. 29-35 at 2.] Plaintiff again initiated a grievance, but this time his termination was upheld. [ECF No. 40 at 2.] Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and subsequently filed this lawsuit. *Id*.

Defendant answered and moved for summary judgment. [ECF Nos. 5, 22.] Plaintiff opposed the motion, ECF No. 29, and the magistrate judge issued her Report recommending this court deny Defendant's motion. [ECF No. 40.] Attached to the Report was a Notice of Right to File Objections. *Id*. at 14. Defendant timely objected, ECF No. 41, to which Plaintiff replied. [ECF No. 42.] This matter is now ripe for ruling.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only

generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party makes this threshold demonstration, the non-moving party may not rest on mere allegations or denials alleged in the pleading, but must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp.*, 477 U.S. at 323. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).

## DISCUSSION

The magistrate judge recommends denying Defendant's motion because Plaintiff's actions are on "the line between opposition activity that is protected by federal anti-discrimination statutes and unacceptable employee conduct warranting termination." [ECF No. 40 at 5.] Thus, "[a] jury must decide whether [Defendant] truly viewed [Plaintiff's] manner to be insubordinate and threating, or whether it used those reasons as a pretext to retaliate against him for reasonably opposing his boss's perceived unlawful conduct." Defendant raises two specific objections:[2] (1) Plaintiff has failed to present direct evidence his actions are protected under federal anti-discrimination statutes, and (2) Plaintiff has failed to establish Defendant's proffered reasons for Plaintiff's termination were pretextual. [ECF No. 41 at 2, 6.] For the reasons below, the court agrees with the magistrate judge.

---

[2] Defendant also made two general objections to the Report: (1) Plaintiff has not put forth any competent evidence to refute Defendant's proffered, nondiscriminatory justifications for terminating Plaintiff, and (2) Defendant objects to the magistrate judge's finding Plaintiff established a claim for Worker's Compensation retaliation. [ECF No. 40 at 6, 11.] If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citing Fed. R. Civ. P. 72 advisory committee's note). The court finds no error related to the evidence the magistrate judge relied on in making her report, nor did she err in recommending this court deny Defendant's Motion as to Plaintiff's Worker's Compensation retaliation claim.

5

I. **Plaintiff has presented sufficient evidence from which a jury could reasonably find discrimination.**

A plaintiff asserting wrongful termination claims can survive summary judgment "by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor … motivated the employer's adverse employment decisions." *Diamond*, 416 F.3d at 318. In this case, the magistrate judge found "one or both of [Defendant's] proffered reasons —insubordination and 'threatening' legal action— arguably provide direct evidence from which a jury could reasonably find retaliation." [ECF No. 40 at 9.] Defendant objects on the ground insubordination and threatening legal action are not protected activities "and, therefore, cannot be direct evidence that Plaintiff was retaliated or discriminated against[.]" [ECF No. 41 at 2-3, citing *Darvishian v. Geren,* 404 F. App'x 822 (4th Cir. 2010).] The court considers both grounds for objection below.

**A. Insubordination**

The court should deny summary judgment when there is a genuine dispute over whether an employee's actions were insubordinate or protected activities in opposition to an unlawful employment practice. *See* 42 U.S.C. § 12203(a); *Rhoads v. F.D.I.C.*, 257 F.3d 373, 391 (4th Cir. 2001). Defendant argues Plaintiff has failed to present evidence his actions were in opposition to an unlawful employment practice, and the court should grant summary judgment because insubordination is a legitimate ground for termination, citing *Darvishian*, 404 F. App'x 822.

In *Darvishian*, a civilian Army employee of Iranian descent who practiced Islam was terminated for insubordination after he refused to vacate an office and move to his cubicle despite being directed to do so by three supervisors. 404 F. App'x 822, 825. Plaintiff filed suit alleging he was terminated because of his national origin and religion in violation of Title VII. *Id*. at 827. The district court granted summary judgment on the ground Plaintiff "could not demonstrate that the

6

Agency's proffered reasons for removal were pretextual, because it was beyond dispute that [his] conduct constituted 'insubordination.'" *Id.* The Fourth Circuit affirmed: "The record establishes that at least three Agency officials having supervisory authority over [plaintiff] directed that he vacate his office …. [H]is ongoing refusal to move his office constituted insubordination." *Id*. at 829.

Unlike *Darvishian*, the question of whether Plaintiff's actions in this case constitute insubordination are not "beyond dispute." There is evidence in the record that Plaintiff's allegedly insubordinate actions, including raising his voice and criticizing Ruble, were protected actions in opposition to Plaintiff's wrongful termination in January 2021. Plaintiff became passionate at the January and February 2021 Zoom meetings, with his voice becoming louder as he became more agitated. But this occurred after he was encouraged by his supervisors to speak candidly. And, despite Plaintiff's attitude, he reiterated throughout the meeting that he would do whatever his employers asked of him. Plaintiff has offered sufficient evidence to create a question of fact as to whether his actions constitute protected activities or insubordination.

**B. Threatening legal action**

Threatening legal action "is a nuanced area of retaliation law that turns on the specific facts" of the case. *Johnson*, 682 F. Supp. 2d 560, 579. Generally, for a threat to sue to be a protected activity, a plaintiff must hold "a reasonable, good faith belief that the employment practice he opposed" was illegal. *Dea v. Wash. Sub. San. Comm'n*, 11 Fed. App'x 352, 357-58 (4th Cir. June 15, 2001). "This belief must be objectively reasonable in light of the facts and record presented." *Id*. at 358. "[A] retaliation claim … is not defeated merely because the underlying challenged practice is ultimately found to be lawful." EEOC Enforcement Guidance on Retaliation and Related Issues, 2016 WL 468886, at *9.

Defendant argues Plaintiff "could not have had a good faith belief that he had been terminated by [] Defendant" because "Plaintiff had some knowledge that his termination of employment would be required to come through the county administrator, or at the least, that it could not have been by his supervisor[.]" [ECF No. 41 at 3-4.] Defendant references a statement Plaintiff made at his October 2022 deposition. When asked why the grievance he submitted following his February 2021 termination was dismissed, Plaintiff answered "Because I was insubordinate and … threatened County employees. And they … didn't take into … account any of the explanations I gave in [] the grievance …." [ECF No. 22-2 at 16-17.] When asked who "they" referred to, Plaintiff said "the County Administrator, whoever makes the ultimate employee decisions." *Id.* 17. This, Defendant argues, is proof Plaintiff knew Ruble did not have firing power, and Plaintiff could not have had a good-faith belief his termination was illegal when he threatened to sue. [ECF No. 41 at 4.]

Defendant also cites S.C. Code Ann. § 4-9-630, the state statute enumerating the "[p]owers and duties of [county] administrators," which places responsibility for "employment and discharge of personnel" in the hands of county administrators, not supervisors. S.C. Code Ann. § 4-9-630(8). *Id*. Defendant argues because "'[c]itizens are charged with knowledge of existing law,' Plaintiff could not *reasonably* believe he was terminated by Ruble at the January meeting, and therefore he could not have a good-faith belief that his rights had been violated. Thus, there was no reasonable basis for threating legal action." *Id.* at 4, quoting *Labruce v. City of N. Charleston*, 234 S.E.2d 866, 867 (S.C. 1977).

But evidence in the record raises questions as to whether Plaintiff had a reasonable belief that his rights were violated at the January meeting. One week after returning from FMLA leave, Plaintiff was told by Ruble his job was being replaced, but the replacement position did not yet

8

exist. He was also instructed to return Defendant's property, his work email was disabled, and he was blocked from accessing Defendant's server. Not only was Plaintiff's access to online accounts restricted, but Ruble changed the locks to the department's office as well. Plaintiff's access was reinstated only after he filed a grievance with Defendant's human resources department.

The record supports finding Plaintiff genuinely believed he was terminated in January 2021 and that he had a reasonable, good-faith belief his termination was illegal when he threatened to sue. Despite the statute putting firing power in the hands of the county administrator, there is evidence in the record that Ruble cut off Plaintiff physically and electronically from his job and told him his position was being replaced. These actions could reasonably be interpreted as termination. Additionally, Plaintiff's statement related to the county administrator having ultimate hiring and firing power was taken nearly two years after the events with Ruble took place. The evidence creates a question of fact as to whether Plaintiff had a reasonable, good-faith belief that he was illegally terminated when he threatened to sue.

## II. Plaintiff has established a prima face case of discrimination under *McDonnell Douglas*.

Plaintiff arguably presents direct or circumstantial evidence of discrimination, but he may also "'proceed under [the *McDonnell Douglas*[3]] 'pretext' framework in pursuing his ADA and FMLA claims. The Plaintiff may, after establishing a prima face case of discrimination, demonstrate that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination.'" *Diamond*, 416 F.3d 310, 318; see also *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 58 (4th Cir. 1995) (applying the *McDonnell Douglas* framework to ADA claims) and *Vannoy v. Fed. Rsrv. Bank of Richmond*, 827 F.3d 296,

---

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

304 (4th Cir. 2016) (applying the framework to FMLA retaliation claims). The Supreme Court constructed the elements of the prima facie case to give plaintiffs who lack direct evidence a method for supporting an inference of discrimination. *Diamond*, 416 F.3d at 318.

"In evaluating employer intent and the question of pretext, the district court may consider 'among other things, the historical background of the … decision; [t]he specific sequence of events leading up to the challenged decision; [d]epartures from the normal procedure sequence; and … [a]ny contemporary statements by members of the decisionmaking (sic) body.'" *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 205 (4th Cir. 2016) (quoting *Reno v. Bossier Par. Sch. Bd.*, 520 U.S. 471, 489 (1997)). "An adverse action that bears sufficient temporal proximity to a protected activity may, along with the existence of other facts, suggest that adverse employment action occurred because of the protected activity." *Roberts v. Glenn Indust. Grp., Inc.*, 998 F.3d 111, 126 (4th Cir. 2021).

Though the magistrate judge found that Plaintiff *has* submitted sufficient evidence to "establish intentional discrimination or retaliation with direct evidence," she also found that "even if [Plaintiff] could not …, he has nonetheless presented sufficient evidence of pretext to avoid summary judgment under the *McDonnell Douglas* framework." [ECF No. 40 at 9.] Defendant objects on the ground "there are not facts in the record suggesting that adverse employment action occurred because of a protected activity," and therefore Plaintiff has failed to establish evidence of pretext. [ECF No. 41 at 7.]

The facts in the record show that, shortly after Plaintiff returned from his FMLA leave in January 2021, Plaintiff was told to return Defendant's property. Ruble disconnected Plaintiff from Defendant's computer system and changed the locks on the office doors. After Plaintiff filed a grievance, he was reinstated, arguably because Ruble's attempted termination violated

Defendant's human resource guidelines. Defendant attempts to characterize Ruble's attempted termination as a "reassignment." But the position to which Plaintiff would have been "reassigned" did not exist.

At the February 2021 meeting, Plaintiff expressed his dissatisfaction with his supervisor and threatened legal action. In the termination notice following this meeting, Defendant specifically noted "insubordination-threatening legal action" as the reason for Plaintiff's termination. The closeness in time of Plaintiff's protected activities– returning from FMLA leave, expressing dissatisfaction with his treatment by Ruble, and threatening legal action– to Plaintiff's termination, as well as the shifting explanations for the January 2021 termination, are enough to establish pretext under the *McDonnell Douglas* framework.

## CONCLUSION

Defendant's objections are overruled. The magistrate judge correctly found that a jury could find the record contains evidence of discrimination or pretext, or evidence of a lawful termination. The court adopts the Report, ECF No. 40, in its entirety. Defendant's Motion for Summary Judgment, ECF No. 22, is **DENIED**.

IT IS SO ORDERED.

August 15, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge